IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ISRAEL RAMOS-IRIZARRY,<br><br>**Plaintiff**,<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN, ET AL.,<br><br>**Defendants.** | **CIVIL NO. 19-1125 (RAM)** |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is co-defendants Departamento de Corrección y Rehabilitación ("Puerto Rico Department of Corrections and Rehabilitation" or "PRDCR") and Institución Correccional Sabana Hoyos' unopposed *Motion to Dismiss* (Docket No. 18). The Court **GRANTS** the *Motion to Dismiss* for the following reasons.

**I.   PROCEDURAL BACKGROUND**

Plaintiff Israel Ramos-Irizarry ("Plaintiff" or "Ramos-Irizarry") is an inmate who at the time of the filing of the Complaint resided at Puerto Rico Department of Corrections and Rehabilitation's Adult Institutional Complex #1000, Cell block 4-R 107B, 3699 Ponce Bypass, in Ponce, Puerto Rico, 00728-1504. (Docket No. 3; Certified English translation at Docket No. 18-1).

On February 13, 2019, he filed suit against several Defendants. Id. Defendants include the PRDCR, Institución Correcional Sabana Hoyos ("ICHS") and other PRDCR officials. Id. The Court notes that summons were issued as to five other (5) co-defendants on February 14, 2019 but were returned unexecuted on February 28, 2019. (Docket Nos. 6 and 10).

In his *Complaint*, Mr. Ramos-Irizarry seeks money damages for alleged physical abuse and abuse of power by several PRDCR officers. (Docket No. 18-1 at 7). This alleged abuse caused Mr. Ramos-Irizarry irreparable emotional, physical and phycological damage. Id. He therefore requests that the officers which gave the orders to inflict the abuse be sanctioned or dismissed from their positions. Id. at 8. Plaintiff also requests that the officers who gave the orders, those who complied with the same, and PRDCR should compensate him for one hundred thousand dollars ($100,000.00). Id. Co-defendants PRDCR and ICSH filed a *Motion to Dismiss* on June 27, 2019 stating that Plaintiff's failure to exhaust administrative remedies warranted dismissal of the present case. (Docket No. 18).

## II.   LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) allows a complaint to be dismissed for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570 (2007). Ruling upon such a motion requires determining whether "*all* the facts alleged [in the complaint], when viewed in the light most favorable to the plaintiffs, render the plaintiff's entitlement to relief plausible." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 14 (1st Cir. 2011). This requires treating non-conclusory factual allegations as true. *See* Nieto-Vicenty v. Valledor, 984 F. Supp. 2d 17, 20 (D.P.R. 2013). This principle however is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Borras-Borrero v. Corporacion del Fondo del Seguro del Estado, 2020 WL 2097553, at *4 (1st Cir. 2020) (quotation and quotation marks omitted).

The First Circuit has repeatedly upheld dismissal of suits brought under 42 U.S.C. § 1983 for failure to exhaust administrative remedies. *See e.g.* Johnson v. Thyng, 369 Fed. Appx. 144, 146-147 (1st Cir. 2010) (upholding dismissal of complaint and finding that a prisoner had to exhaust all "available" administrative remedies before filing § 1983 action even if relief cannot be granted by the administrative process); Acosta v. U.S. Marshals Service, 445 F.3d 509, 515 (1st Cir. 2006) (affirming dismissal of § 1983 suit due to the prisoner's failure to exhaust administrative remedies when he sent grievance to the improper agency); Medina-Claudio v. Rodriguez Mateo, 292 F.3d 31, 36 (1st

Cir. 2002) (upholding complaint's dismissal when an inmate failed to exhaust administrative remedies).

### III. DISCUSSION

**A. PLRA & the Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) seeks to "eliminate unwarranted interference by federal courts with the administration of prisons and affords corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Negrón-Cruz v. Almodovar, 2020 WL 762217, at *1 (D.P.R. 2020) (quotation omitted). It mandates that available administrative remedies be exhausted "before bringing suit to challenge prison conditions." Ross v. Blake, 136 S. Ct. 1850, 1855 (2016. The statute specifically provides that **"[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law**, by a prisoner confined in any jail, prison, or other correctional facility **until such administrative remedies as are available are exhausted."** 42 U.S.C. § 1997e(a) (emphasis added).

As the Supreme Court has "often observed, that language is 'mandatory.'" Ross, 136 S. Ct. at 1856. Exhaustion must occur even if the available remedies fail to meet federal standards or if they are not "plain, speedy, and effective." Porter v. Nussle, 534 U.S. 516, 524 (2002). The First Circuit has stated that "[a] prisoner must exhaust administrative remedies […] even where the

relief sought cannot be granted by the administrative process." Johnson, 369 F. App'x at 147 (quotation omitted). For example, even if the prison administrative process does not cover monetary relief, the inmate must still complete the process. *See* Booth v. Churner, 532 U.S. 731, 735 (2001).

The Supreme Court has further ruled that "failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). However, this does not mean that prisoners are excused from complying with aspects of the administrative grievance process, such as deadlines. Rather, compliance with grievance procedures "is all that is required by the PLRA to 'properly exhaust.'" Vazquez-Marin v. Diaz-Colon, 2013 WL 6417488, at *3 (D.P.R. 2013) (quoting Jones, 549 U.S. at 218). Moreover, proper exhaustion of administrative remedies is not defined by the PLRA, "but by the prison grievance procedures." Jones, 549 U.S. at 217. Therefore, the scope of Mr. Ramos-Irizarry's duty to exhaust is determined by the PRDRC's regulations to which this Court "must look." Arroyo-Morales v. Administración de Corrección, 207 F.Supp.3d 148, 151 (2016). As summarized in Arroyo-Morales, the PRDCR's "Regulation to Address the Application for Administrative Remedies Filed by Members of the Correctional Population" provides the following grievance procedure:

> (1) review of the prisoner's petition by an evaluator, (2) an appeal, following the evaluator's response, to the regional coordinator, (3) a motion to have the regional coordinator reconsider his decision, (4) an appeal to the program director if the prisoner is unsatisfied with the regional coordinator's resolution, and (5) a request for judicial review before the Puerto Rico Court of Appeals.

Id. at 152.

If an inmate fails to pursue even one of these steps, **he has failed "to exhaust his administrative steps fully, as required by the PLRA."** Id. (citation omitted)(emphasis added); *see also*, Figueroa-Vazquez v. Departamento de Correccion Y Rehabilitacion de Puerto Rico, 2020 WL 710608, at *3-4 (D.P.R. 2020) (dismissing an inmate's claims because he did not file a reconsideration of his request nor did he seek judicial review of the Department's determinations); Cruz-Berrios v. Puerto Rico Dep't of Correction & Rehab., 2020 WL 1493907, at *6 (D.P.R. 2020) (same).

Plaintiff's *Complaint* admits that there is a prisoner's grievance procedure in place at his institution and that he did not file a request under said procedure. (Docket No. 3 at 3). Mr. Ramos-Irizarry sought to justify this omission by stating in his *Complaint* that "the Administrative remedy does not compensate prisoner beatings." (Docket No. 18-1). He thus seems to be claiming that filing a request would have been an exercise in futility. However, "there is no 'futility exception' to the PLRA exhaustion

requirement." Medina-Claudio, 292 F.3d at 35 (quoting Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000)).

Furthermore, the Supreme Court has held that PLRA's exhaustion requirement applies to **"all inmate suits about prison life, whether they involve general circumstances, or particular episodes, and whether they allege excessive force or some other wrong."** Porter, 534 U.S. at 532 (emphasis added). This undoubtedly includes the incidents of guard brutality alleged in the case at bar. See Rodriguez v. Rodriguez, 2014 WL 4407778, at *5 (D.P.R. 2014) (holding that in a case alleging beatings by a correctional officer and denial of adequate medical care "it [was] undisputed that Cruz Rodriguez's 1983 claim [was] an action 'with respect to prison conditions' under § 1997e(a)."); Barbosa-Orona v. Flores-Dasta, 843 F.Supp.2d 230, 236 (D.P.R. 2012) (dismissing with prejudice prisoner's § 1983 claim alleging guard brutality when prisoner had failed to exhaust administrative remedies).

Mr. Ramos-Irizarry posited in his *Complaint* that he filed a suit in the Court of First Instance alleging the same facts being litigated in the case at bar. (Docket No. 3 at 2-3; Certified English translation at 18-1 at 2). However, filing a complaint before the Court of First Instance is **not** considered a step in the prison grievance process. The record reflects that Plaintiff did not attempt to begin the administrative remedies process available to him. Given that exhaustion of available administrative remedies

is mandatory under the PLRA, his failure to exhaust the same mandates dismissal of present case. Lastly, as the Court is dismissing the *Complaint* for failure to exhaust administrative remedies, it need not consider co-defendants' Eleventh Amendment Immunity argument.

### IV.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** co-Defendants *Motion to Dismiss* (Docket No. 18) **dismissing without prejudice** all of Plaintiff's claims as to co-defendants Departamento de Corrección y Rehabilitación and Institución Correccional Sabana Hoyos. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of May 2020.

S/ RAÚL M. ARIAS-MARXUACH  
United States District Judge